Randolph S. RAINS, Plaintiff–Appellant,

v.

CRITERION SYSTEMS, INC., a California corporation; Kaiser Permanente Hospital Inc., a California corporation; Anthon Freitas, and Paul Fice, Defendants–Appellees.

No. 93–17168.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1995.

Decided March 26, 1996.

Leo F. Donahue and Christopher H. Whelan, Gold River, California, for plaintiff-appellant.

Fred A Schwartz, Rust, Armenis & Schwartz, Sacramento, California, for defendant-appellee Kaiser Permanente Inc.

Mark S. Spring, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, California, for defendant-appellee Criterion Systems Inc.

Before: FLETCHER, REINHARDT, and NOONAN, Jr., Circuit Judges.

REINHARDT, Circuit Judge:

This appeal raises the question whether a plaintiff may allege a violation of Title VII of the Civil Rights Act of 1964's policy against religious discrimination as part of a state law cause of action without converting his claim

into a Title VII action or an action that depends on a substantial federal question. We hold that he may, and that in this case he did. We therefore conclude that the district court lacked jurisdiction. Accordingly, we vacate the district court's order granting summary judgment against the plaintiff and direct that court to remand the case to state court.

Since our opinion turns on federal question jurisdiction, not the merits of plaintiff's claims, we will provide an abbreviated version of the facts and allegations underlying this lawsuit. In 1989, Criterion Systems, a California-based medical equipment consulting firm, hired Randolph Rains as a hospital equipment-planner. In the summer of 1990, Anthon Freitas, the owner of Criterion Systems, placed Rains in charge of a number of projects in San Diego for a major client, Kaiser Permanente.

On October 30, 1990, Rains became involved in a discussion concerning religion with Paul Fice, the Kaiser employee responsible for monitoring Criterion's work on the San Diego projects. During the discussion, the district court concluded that "Fice proselytized and preached to plaintiff concerning Jesus Christ and the need to be saved." One week later, Fice called Freitas. The defendants contend that Fice informed Freitas that he had received a phone call from a female Kaiser employee whom he did not name. Fice allegedly stated that the female employee had complained that "Rains had made advances of a personal nature towards her." Criterion states that as a result of Rains' alleged behavior toward the female employee, Fice "indicated that he did not want Randolph Rains on the Kaiser–San Diego project any more. Fice indicated that if Rains was not removed from the Kaiser–San Diego account, CRITERION would lose the Kaiser–San Diego business as well as other Kaiser business in southern California." Freitas states in his declaration that it was Fice's phone call that led him to decide to terminate Rains' employment.[1]

Rains filed suit in California state court against Criterion Systems Inc., Kaiser Permanente, Freitas, and Fice. He alleged eight separate causes of action, only two of which are relevant here: (1) Freitas and Criterion committed the tort of wrongful termination in violation of public policy by terminating him "for refusing to adopt the said religious opinions of FICE." (2) Kaiser and Fice committed the tort of intentional interference with contractual relations by supplying Freitas with "false allegations." The case was removed to federal district court; the defendants moved for summary judgment on all counts; and the district court granted the motion. Rains appealed and raised several issues that we do not need to reach, because we determine that the district court lacked jurisdiction.

Rains did not contest the removal and did not challenge the district court's jurisdiction to hear his complaint until we ordered supplemental briefing on that issue. This court, however, must consider whether federal jurisdiction exists, even if no objection is made to removal, *Harris v. Provident Life and Acc. Ins. Co.,* 26 F.3d 930, 932 (9th Cir.1994), and even if both parties stipulate to federal jurisdiction, *Washington Local Lodge No. 104 v. Intern. Broth. of Boilermakers,* 621 F.2d 1032, 1033 (9th Cir.1980); *see also FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 229, 110 S.Ct. 596, 606–07, 107 L.Ed.2d 603 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). Moreover, we must do so even though the district court has issued a judgment on the merits. *Grubbs v. General Electric Credit Corporation,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).

Once judgment has been entered in a case that was removed to federal court, the question a court of appeals must ask in determining whether jurisdiction was proper changes slightly. The issue becomes not whether the removal was proper, but whether the district court had jurisdiction at the time it issued its judgment. *Id.* at 705, 92 S.Ct. at 1348–49 ("the requirement that jurisdiction exist at the time of judgment ... is satisfied here"). In this case, the question, both at the time the case was removed and at

---

1. Fice disputes that he actually requested Rains' removal.

the time the district court entered its judgment, was whether either Rains' claim of wrongful termination or his claim of intentional interference with contractual relations arose under federal law.

There are three possible grounds for federal question jurisdiction in this case. The first is that Rains asserted a federal (Title VII) claim in his complaint, i.e., that federal law creates the cause of action he asserted. The second is that under the artful pleading doctrine, one or more of Rains' state law claims should have been recharacterized as a federal claim. The third is that one or more of Rains' state law claims necessarily turned on the construction of a substantial, disputed federal question. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807–10, 106 S.Ct. 3229, 3231–33, 92 L.Ed.2d 650 (1986); *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 7–12, 27–28, 103 S.Ct. 2841, 2845–48, 2855–56, 77 L.Ed.2d 420 (1983). Since any of the three possible grounds for jurisdiction could establish that the court had jurisdiction when it entered its summary judgment order, we consider each in turn. We conclude that none constitutes a valid basis for federal question jurisdiction in this case.

### A. Stating a Title VII Claim

 Rains' complaint states at the outset that it arises under "the laws of the United States (42 U.S.C. 2000(e)–2) [Title VII], the laws of the State of California, (Gov.Code § 12940 et seq.), the rules, regulations, and directives implementing said statutes and common law." While the reference to the laws of the United States and specifically to Title VII suggests that Rains might be asserting at least one federal cause of action, the actual causes of actions stated in the complaint all sound in state law.[2] Moreover, during the course of the litigation, both the parties and the court consistently treated Rains' claims as state law claims. For example, the district court rejected defendants' assertion that plaintiff must actually prove a violation of Title VII or the FEHA to prevail on his claim for wrongful discharge in violation of public policy, noting that the state tort was a separate cause of action. There was also no inquiry as to whether Rains had exhausted his administrative remedies as is required before filing a Title VII claim.[3]

 One of Rains' claims cites Title VII directly, the other refers to it indirectly. Rains' first claim is for wrongful termination in violation of public policy. In order to prevail on such a claim under California law, a plaintiff must prove as one element that a fundamental public policy exists that is "delineated in constitutional or statutory provisions...." *Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 4 Cal.Rptr.2d 874, 881–82, 824 P.2d 680, 687–88 (1992). To establish the basis for a public policy against religious discrimination in employment, Rains' complaint refers to the California Constitution, the California Fair Employment and Housing Act (CFEHA), and Title VII. The complaint states that the cited provisions "evince[ ]" the "fundamental premises of public policy of the United States and the State of California." In Rains's other claim, he alleges that the defendants interfered with his contractual relations in violation of the "public policy of the United States and the State of California and the objectives underlying these policies." It is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy. *See Gantt*, 4 Cal.

---

**2.** Rains labeled one cause of action, Wrongful Termination Against Public Policy, a cause of action that exists under California law but not under federal law. He labeled his other cause of action, Intentional Interference with Contractual Relations, which is also a state cause of action and not a cause of action that may be brought under Title VII. The label that a plaintiff places on his pleadings, however, does not determine the nature of his cause of action. *See Johnson v. United States*, 547 F.2d 688, 691 (D.C.Cir.1976).

**3.** In its prayer for relief, the complaint seeks attorneys' fees and pre-judgment interest under both federal and state law. At oral argument, the attorney for Rains said the reference to federal law in the prayer for relief was standard boiler plate that he inadvertently forgot to remove in preparing the complaint. While this may be true, we do not rely on counsel's representation. However, we do not find the attorneys' fee and pre-judgment interest requests determinative. It is the nature of the cause of action that is controlling.

Rptr.2d at 877–78, 824 P.2d at 683–84; *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 665–71, 254 Cal.Rptr. 211, 765 P.2d 373 (1988); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980). State law also creates the cause of action for tortious interference with contractual relations. *See* B.E. Witkin, *Summary of California Law*, Torts § 649 (9th ed. 1987). The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action. Rather, the complaint merely incorporates Title VII as one of several similar sources of public policy supporting defendant's state law claims.

■ If federal jurisdiction does not attach to Rains' wrongful termination action, it certainly does not attach to his tortious interference claim.[4] Thus we focus on Rains' wrongful termination claim in our analysis. That the same facts could have been the basis for a Title VII claim does not make Rains' wrongful termination claim into a federal cause of action. Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so. *See Pan American Petro. Corp. v. Superior Court*, 366 U.S. 656, 662–63, 81 S.Ct. 1303, 1307–08, 6 L.Ed.2d 584 (1961) (stating that "the party who brings a suit is master to decide what law he will rely upon") (quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913)). A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir.1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim").

While Rains named Title VII as one of several similar bases for determining the applicable public policy in his state law cause of action, he did not file a Title VII claim.

Thus the defendants' first argument that Rains filed a federal claim, cannot succeed.

### B. Artful Pleading

■ Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir.1984). An artfully pleaded state law claim may be recharacterized as a federal claim by the court to which it is removed. Rains did not, however, bring a complaint that was artfully pleaded to avoid federal jurisdiction. Rather, he brought a state law claim and cited a federal statute as an alternate basis for establishing one element of his claim. The claim was authorized by state law and no essential federal law was omitted. The artful pleading doctrine does not permit defendants to achieve what they are trying to accomplish here: to rewrite a plaintiff's properly pleaded claim in order to remove it to federal court.

■ Concluding that Rains' complaint was not artfully pleaded to avoid federal jurisdiction, however, does not end our analysis. As the Court noted in *Caterpillar*:

> There does exist, however, an "independent corollary" to the well-pleaded complaint rule ..., known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance Co. [v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ], *supra* at 65, 107 S.Ct. at 1547. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under

---

4. The wrongful termination claim cites Title VII directly, while the tortious interference claim does not. Moreover, wrongful termination may provide a basis for recovery under Title VII, if the termination is unlawful under the statute, while tortious interference with contractual relations does not. Federal law is not part of the state tort of interference with contractual relations.

federal law. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429–30.[5]

That independent corollary is not applicable here because Title VII does not completely preempt state law. Rather Title VII only preempts state law inconsistent with it. *California Federal Sav. and Loan Ass'n v. Guerra*, 479 U.S. 272, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987). Since the federal cause of action does not completely preempt the state law claim, the independent corollary to the artful pleading doctrine is not a valid basis for finding federal jurisdiction in this case.[6]

In *Utley v. Varian Associates, Inc.*, 811 F.2d 1279, 1287 (9th Cir.), *cert. denied*, 484 U.S. 824, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987), we concluded that a California claim for wrongful termination in violation of public policy may not be recharacterized as a Title VII claim under the artful pleading doctrine. *Utley*, 811 F.2d at 1288. We reasoned that even though Title VII creates a private right of action, it does not preempt state law claims that are not in conflict with it. *Id.* (citing *California Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 281–85, 291–92, 107 S.Ct. 683, 690–91, 695, 93 L.Ed.2d 613 (1987)). As *Utley* explained, because Title VII does not preempt the state law claim for wrongful termination in violation of public policy, the artful pleading doctrine is inapplicable. *Utley*, 811 F.2d at 1288. The identi-

cal analysis and conclusion are applicable here.

## C. Substantial Federal Question

 Even where, as here, state law creates the cause of action, and no federal law completely preempts it, federal jurisdiction may still lie if "it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims[.]" *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983) (emphasis added). This alternate basis for federal-question jurisdiction is equally unavailing in this case. The invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose.[7]

Here, Title VII is not a "necessary element" of the state law claim because state law independently espouses the same public policy established by Title VII. Although the complaint refers to Title VII as one basis for demonstrating that there is a public policy against employment discrimination on the basis of religious belief, the complaint also

5. *See also Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983) ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

6. Conclusions by courts to which a claim is removed that state claims are actually federal in character have generally been confined to instances in which the state law claim was preempted by the federal one. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 396 n. 11, 107 S.Ct. 2425, 2432 n. 11, 96 L.Ed.2d 318 (1987).

7. For reasons we explain, *see infra* pages 346–47, we need not consider whether or under what circumstances reliance on a state statute that incorporates or is interpreted in accordance with federal law is sufficient to avoid federal jurisdiction. However, we note that in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804,

106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Supreme Court, citing *Moore v. Chesapeake & O. Ry. Co.*, 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934), said that "the violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action." *Merrell Dow*, 478 U.S. at 814 n. 12, 106 S.Ct. at 3235 n. 12. *See Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 310 (3rd Cir.1994) (holding that plaintiffs' complaint does not raise a federal question on its face merely by virtue of the fact that it alludes to a federal contract). *Cf. Ass'n of Westinghouse, Salaried Emp. v. Westinghouse Elec. Corp.*, 348 U.S. 437, 450, 75 S.Ct. 489, 495, 99 L.Ed. 510 (1955) (noting that the "litigation provoking problem" in deciding whether federal jurisdiction exists in such cases is determining "the degree to which federal law must be in the forefront of the case and not be remote, collateral or peripheral"); *Animal Legal Defense Fund v. Quigg*, 900 F.2d 195, 196 (9th Cir.1990) (upholding federal jurisdiction after noting: "There are not alternative theories upon which Plaintiffs can base their

**346**

refers to the California Constitution and to the CFEHA, both of which prohibit employment discrimination on the basis of religion. Specifically, Art. I, § 8 of the California Constitution, on its face, explicitly prohibits such discrimination.[8] As to the California anti-discrimination statute, we have previously held that "[t]here is no doubt that [the CFEHA] establishes a California public policy against religious discrimination in the workplace." *See Cook v. Lindsay Olive Growers,* 911 F.2d 233 (9th Cir.1990). Thus, California law is clear that state public policy forbids employment discrimination on the basis of religion.

■■■ When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim. The Court decided that very issue in *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Although in that case the Court analyzed whether a controversy arose under the patent laws of the United States for purposes of 28 U.S.C. § 1338, it explicitly said that the same approach applies in determining general federal question jurisdiction. *Id.* at 809, 108 S.Ct. at 2174; *see also* 13B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 3562 n. 68 (1995 Supp.) (discussing *Christianson*). In concluding that the case did not arise under the patent laws, the Court laid down a simple test, holding: "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." *Christianson,* 486 U.S. at 810, 108 S.Ct. at 2174.

Circuit courts applying *Christianson* have concluded that claims like Rains' do not give rise to federal question jurisdiction. In *Mulcahey v. Columbia Organic Chemicals Co.,* 29 F.3d 148 (4th Cir.1994), the Fourth

Circuit held that a state negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction. The court said:

> *Christianson* teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist. Examination of the complaint in the instant case reveals that the negligence *per se* claim citing the federal environmental statute was only an alternative theory of liability under Plaintiffs' negligence claim contained in Count I. Even if Columbia Organic was found not to have violated any federal statute, the Plaintiffs might still be entitled to recover under an alternative theory of negligence. For example, paragraph twenty-seven of the complaint also alleges negligence in the violation of state and local environmental laws. 29 F.3d at 153.

In *Willy v. Coastal Corp.,* 855 F.2d 1160 (5th Cir.1988), the Fifth Circuit considered a wrongful discharge action, similar to Rains' wrongful termination claim, and held that there was no federal jurisdiction under *Christianson.* The plaintiff in *Willy* alleged that he was fired because he insisted that his employer obey various state and federal environmental and securities laws. *Id.* at 1162. The Fifth Circuit described the case as one "supported by alternative theories, first that his discharge was wrongful because it was on account of his attempt to cause employer compliance with or refusal to violate federal law, and second that it was wrongful because it was on account of his attempt to cause his employer compliance with or refusal to violate state law." *Id.* at 1170. The court noted that the plaintiff's state cause of action was (1) independent of the federal cause of action and (2) self-sufficient and then held: "We conclude that the *Christianson* doctrine

---

claim that do not depend on a construction of federal patent law.").

8. Rains' complaint cites Art. I, § 8, and Art. I, § 2. Art. 1, § 8 says in pertinent part:
 A person may not be disqualified from entering or pursuing a business, profession, vocation, or

employment because of sex, race, *creed,* color, or national or ethnic origin (emphasis added).
Art. I, § 2 says in pertinent part:
 Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for abuse of this right.

is properly applied to this case and results in the conclusion that Willy's wrongful discharge claim does not arise under federal law." *Id.* at 1171.

Rains' wrongful termination action, like that of the plaintiff in *Willy*, can be supported by an independent state theory as well as by a federal theory. In fact, Rains' claim that he was wrongfully terminated in violation of public policy is supported by three alternative theories—one for each of the three sources of law he cites to establish that his termination was in violation of public policy. Only one theory, that which invokes Title VII to establish the public policy, clearly rests on a federal theory. We need not consider the second theory, the one which relies on the CFEHA, an act that is interpreted in accordance with federal law,[9] because the California Constitution also expressly prohibits discrimination in employment on the ground of religious beliefs. That provision, which is unquestionably wholly independent of federal law, makes that prohibition an explicit part of the public policy of the state. Since the provisions of the California Constitution that Rains cites in his complaint do not depend in any way on Title VII, it is obvious that Title VII is not necessary to Rains' wrongful termination claim. Thus, under *Christianson*, federal jurisdiction does not lie.[10]

To conclude otherwise, would make it difficult, if not impossible, to bring an action for wrongful termination in violation of public policy in California state courts without being subject to removal to federal court whenever a state policy is similar to a federal policy. Under defendants' theory of federal jurisdiction, if the plaintiff named the federal policy in his state cause of action as Rains did, the defendant would automatically be able to remove the suit to federal court. Even if the plaintiff did not name the federal policy, the defendant could invoke the artful pleading doctrine, which provides that courts may recharacterize an artfully pleaded complaint as though it had been well pleaded. *See Gully v. First Nat. Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). The defendant could then assert that the plaintiff should have incorporated the federal policy into his cause of action and remove the case to federal court.

We conclude that Rains did not assert a federal cause of action and that neither of his two state causes of action should be recharacterized as a federal claim under the well pleaded complaint rule. We further hold that even though Rains' action is supported by a federal theory, there is no substantial federal question because his claim is also supported by an independent state theory. Accordingly, we vacate for lack of jurisdiction the district court's order granting summary judgment to the defendants and remand Rains' complaint to that court with instructions that it be remanded to state court.

Vacated and Remanded

---

**9.** *See Clark v. Claremont University Center and Graduate School*, 6 Cal.App.4th 639, 662, 8 Cal. Rptr.2d 151 (Ct.App. 1992); *Mixon v. Fair Employment and Housing Com'n*, 192 Cal.App.3d 1306, 1315, 237 Cal.Rptr. 884 (Ct.App. 1987); and note 8 *supra*. We emphasize that we do not suggest that the mere fact that a state statute is construed in accordance with a federal statute gives rise to federal question jurisdiction. We simply find it unnecessary to discuss that question here.

**10.** The fact that Title VII creates a private right of action does not alter the analysis. In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Supreme Court established a bright line rule that where the federal law that serves as an element of the state law claim does *not* create a private right of action, then the federal element is "insuf-

ficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 814, 106 S.Ct. at 3235. The obverse is not true, however. *Merrell Dow* does *not* hold that any federal law that creates a private right of action automatically creates a substantial federal question whenever that law plays a role in the resolution of a state claim. To the contrary, *Merrell Dow* suggests that even if the federal law incorporated into a state law claim creates a private right of action, the federal interest may still prove insufficiently substantial to confer federal-question jurisdiction. In this case, however, even if the reference to Title VII would otherwise be sufficient to confer federal jurisdiction, it is not sufficient to do so when the claim is supported by an alternate theory that does not depend on federal law.