Sharon **ELLIOT**, et al., Plaintiffs,

v.

**LTD DIRECT MARKETING, INC.**, et al., Defendants.

No. CV–96–208–TUC WDB.

United States District Court, D. Arizona.

March 18, 1997.

David M. Waterman, Taylor & Associates, Tucson, AZ, for Sharon Elliott, William Steele.

Michael D. Moberly, Ryley Carlock & Applewhite PA, Arthur J. Bourque, Stewart & Bourque PC, Phoenix, AZ, for Ltd. Direct Marketing Inc.

## ORDER

BROWNING, District Judge.

Pending before the Court are Defendants' April 9, 1996 Motion for Partial Summary Judgment and Plaintiffs' June 24, 1996 Motion for Remand. The Court will deny the Defendants' Motion for Partial Summary Judgment and grant Plaintiffs' Motion for Remand for the following reasons.

### I. Facts and Procedural History

Plaintiffs filed this action on March 12, 1996 in Superior Court alleging (1) violation of public policy by wrongful discharge and retaliation, and (2) emotional distress. Defendants filed a Notice of Removal on April 1, 1996, stating that this Court has jurisdiction of this civil action under 28 U.S.C. § 1331 and it is removable under 28 U.S.C. § 1441 because the complaint alleges a claim arising under federal law. On April 9, 1996, Defendants filed a Motion for Partial Summary Judgment requesting the Court to dismiss all the federal claims and to dismiss one

of the Plaintiffs. Plaintiffs filed their Motion to Remand on June 24, 1996.

## II. Motion to Remand

 The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988)). In addition, federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus,* 980 F.2d at 566. The strong presumption against removal jurisdiction means that the party invoking removal always has the burden of establishing that removal is proper. *Id.* Generally, federal question jurisdiction exists only when a federal claim appears on the face of a well-pleaded complaint. *Ultramar America, Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir.1990). "Whether the complaint states a claim arising under federal law must be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party." *Id.* In addition, the plaintiff is the "master of his complaint; where he may pursue state and federal claims, he is free to pursue either or both, so long as fraud is not involved." *Id.* "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 346 (9th Cir. 1996).

## III. Discussion

 Plaintiffs allege two claims in their complaint, each supported by at least one state law theory of recovery not dependent upon 42 U.S.C. § 2000 et seq. Plaintiffs' first claim for relief is based on a theory of violation of public policy. Plaintiffs allege wrongful discharge or forced termination of employment in retaliation for the filing of a workers' compensation claim, and that such discharge or termination contravened public policy. Plaintiffs claim violations of ARIZ. CONST. art. 18, § 3, the civil rights laws of the state of Arizona (ACRA), A.R.S. § 23–425(A), as well as violations of Title VII.[1] It is the state law—not Title VII—that creates the cause of action for wrongful discharge in violation of public policy. *Rains,* 80 F.3d at 343. Plaintiffs' second claim for relief is emotional distress for which state law also provides a sufficient theory of recovery. Plaintiffs seek attorney's fees under A.R.S. § 12–341, ACRA and common law as well as Title VII. Thus, Plaintiffs have not relied solely on Title VII for attorney's fees. Direct or indirect references to Title VII in state causes of action do not transform those claims into federal causes of action. *Id.* For these reasons, the Court concludes that Plaintiffs did not assert a federal cause of action and that neither of their state causes of action should be recharacterized as a federal claim. In addition, the Court concludes that Plaintiffs' attempt to support their action by a federal theory is immaterial inasmuch as their claim is also supported by an independent state theory.

## IV. Conclusion

Accordingly, IT IS **ORDERED** that Plaintiffs' June 24, 1996 Motion for Remand is **GRANTED.** IT IS FURTHER **ORDERED** that Defendants' April 9, 1996 Motion for Partial Summary Judgment is **DENIED** for lack of subject matter jurisdiction. IT IS FURTHER **ORDERED** that this matter is **REMANDED** to Pima County Superior Court.

---

1. Defendants claim that a Title VII claim cannot bolster a public policy discharge claim. Although this Court need not finally decide this issue, Ninth Circuit case law does not support this contention. *See Rains,* 80 F.3d at 344 (assuming that Title VII is a source of public policy supporting state law claim of wrongful termination in violation of public policy).