114 F.3d 979
 73 Fair Empl.Prac.Cas. (BNA) 1885,
70 Empl. Prac. Dec. P 44,771,
97 Cal. Daily Op. Serv. 4354,
97 Daily Journal D.A.R. 7297
Patty EASTON; Peggy Maarup; Maria Scott,
Plaintiffs-Counter-Defendants-Appellants,
and
Henry W. Bockman, Esq., Real-Party-in-Interest-Appellant,
v.
CROSSLAND MORTGAGE CORPORATION, a corporation, Defendant-Appellee,
and
Betsy Lamonte; Lorene Washington,
Defendants-Counter-Claimants-Appellees.
Patty EASTON; Peggy Maarup; Maria Scott,
Plaintiffs-Counter-Defendants-Appellees,
v.
CROSSLAND MORTGAGE CORPORATION, a corporation, Defendant-Appellant,
Betsy Lamonte; Lorene Washington,
Defendants-Counter-Claimants-Appellants,
Henry W. Bockman, Esq., Real-Party-in-Interest-Appellee.
 Nos. 96-55021, 96-55023.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 7, 1997.
Decided June 10, 1997.
 
 Henry W. Bockman, Sherman Oaks, CA, for the plaintiffs-counter-defendants-appellants-cross-appellees and the real-party-in-interest-appellant-cross-appellee.
 Cynthia E. Gitt and Lester F. Aponte, Epstein Becker & Green, Los Angeles, CA, for the defendant-appellee-cross-appellant and defendants-counter-claimants-appellees-cross-appellants.
 Appeals from the United States District Court for the Central District of California; Manuel L. Real, District Judge, Presiding. D.C. No.CV-94-03165-R.
 Before: MAGILL,* RYMER and THOMAS, Circuit Judges.OPINION
 PER CURIAM.
 
 
 1
 We consider in this appeal whether the district court should have remanded a complaint which referenced federal theories, but did not seek federal remedies. Because we find that the case should have been remanded to state court, we reverse.
 
 I.
 
 2
 Patty Easton, Peggy Maarup, and Maria Scott believed they had been sexually harassed by their female supervisors at Crossland Mortgage Corporation ("Crossland"). They filed a complaint in state court alleging sexual harassment, hostile work environment, sex discrimination, wrongful termination, assault and battery, invasion of privacy, and retaliation. The counts of the complaint alleging sexual harassment claimed that the described conduct was in violation of Title VII of the Civil Rights Act of 1964, Cal. Gov't Code § 12940, the plaintiffs' right of privacy under the "California and federal" constitutions, and the "common law right to be free of sexual harassment, a sexually abusive workplace, a hostile and discriminatory workplace." For damages proximately caused by these acts, Plaintiffs sought relief under California Civil Procedure Code § 425 et seq.
 
 
 3
 Based on the references to Title VII and the right of privacy, Crossland removed the case. In response, plaintiffs filed a motion to dismiss the federal action and sent a stipulation to defendants' counsel stating that "[w]e do intend to proceed solely for remedies available under the laws of the State of California." Defendants declined to stipulate to a dismissal, and the individual defendants filed state law counterclaims for defamation and intentional infliction of emotional distress. Plaintiffs filed an answer to the counterclaims stating that the plaintiffs did not "intend to pursue any federal remedy." Plaintiffs subsequently filed a second complaint in state court omitting all references to Title VII and the U.S. Constitution.
 
 
 4
 Plaintiffs then filed a motion to remand, asserting that "the complaint does not state a claim for which relief may be granted under any federal statute or under the United States Constitution" and that there was no federal question before the court. The plaintiffs argued that they referenced Title VII and the U.S. Constitution "because California courts follow similar interpretations of federal court decisions in applying state law." Because of that, plaintiffs claimed the citations to Title VII and the U.S. Constitution were "gratuitous but not inappropriate." Plaintiffs also noted that they had not filed a claim with the Equal Employment Opportunity Commission, a prerequisite for initiating an action seeking remedies under Title VII. Rather, plaintiffs had exhausted state administrative remedies before the California Department of Fair Employment and Housing and obtained a right to sue letter from the Department.
 
 
 5
 The district court denied the motion to remand. Plaintiffs filed a motion to reconsider based on new case authority. Defendants opposed the motion and requested sanctions because the plaintiffs had admitted that the federal claims were baseless. The district court denied the motion to reconsider and granted sanctions in the amount of $3,150 for defense counsel's time spent opposing the motion to remand.
 
 
 6
 Following completion of discovery, the district court granted defendants' motion for summary judgment against plaintiff Scott. Plaintiffs Easton and Maarup voluntarily dismissed all claims except their claims for sexual harassment and Maarup's wrongful termination claim. A final pre-trial order was signed superceding all previous pleadings wherein plaintiffs once again renounced any federal relief. The case proceeded to trial. However, plaintiffs' counsel conceded he could not prove a case based on the district court's pre-trial evidentiary rulings. After further briefing, the district court then granted summary judgment in favor of defendants on all remaining counts. Easton v. Crossland Mortgage Corp., 905 F.Supp. 1368 (C.D.Cal.1995).II.
 
 
 7
 We review a district court's denial of a remand motion de novo. Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir.1994).
 
 
 8
 Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). "[I]n order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996).
 
 
 9
 The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429-30, 96 L.Ed.2d 318 (1987). Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint. Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir.1990). However, in addition to examining the literal language selected by the plaintiff, the district court must analyze whether jurisdiction would exist under a properly pleaded complaint. A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law. Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir.1996). Conversely, the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists. Id. at 345-47.
 
 
 10
 In this case, like Rains, the plaintiffs alleged state law claims which included incidental reference to a federal statute and the U.S. Constitution. The remedies sought were founded exclusively on state law. The plaintiffs did not seek, much less exhaust, the administrative remedies which are a necessary precondition to a Title VII action. No remedies unique to a Title VII cause of action, such as attorneys fees, were pled.
 
 
 11
 Any lingering apprehension about the plaintiffs' intentions was resolved by plaintiffs' immediate actions clarifying their intent upon removal. From the genesis of the case, plaintiffs have adamantly eschewed relief based on federal law.
 
 
 12
 "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). Plaintiffs' claims, if properly pleaded, did not arise under the U.S. Constitution or the laws of the United States. Taking into account all of these circumstances, the district court should have granted the motion to remand and erred in failing to do so. See Duncan, 76 F.3d at 1485. Because the district court awarded sanctions based on plaintiffs' motion to remand, we vacate the sanction award. Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir.1995).
 
 
 13
 We reverse and remand to the district court with instructions to remand the case to the Superior Court of the State of California, County of Los Angeles.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation