**Judy STRONG Plaintiff**

v.

**PRINT U.S.A., LTD., et al. Defendants**

**No. 1:02CV528.**

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 10, 2002.

Caryn M. Groedel, Beachwood, OH, for Plaintiff.

James M.L. Ferber, Kimberly Lowe Hall, Littler Mendelson, Columbus, OH, for Defendants.

*MEMORANDUM OF OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND*

WELLS, District Judge.

Plaintiff Judy Strong filed her complaint in the Ohio Court of Common Pleas for Ashland County on 20 February 2002. Her claims involve allegations of sex discrimination.

Defendants removed the case to federal court on the basis of federal question jurisdiction. In the notice of removal, defendants state, "Plaintiff's Complaint bases a cause of action for sex discrimination on Title VII of the Civil Rights Act of 1964 ... and Plaintiff seeks monetary relief pursuant to § 706(k) of Title VII." (Docket # 1 at 2).

Before the Court is plaintiff's motion to remand. (Docket # 6). An opposition, reply, sur-reply, and supplement to the motion have been filed. (Docket # 7, 8, 9, 13).

Plaintiff also filed a motion for a hearing on the motion for remand. (Docket # 14). As the Court finds that a hearing is not necessary, this motion is denied.

For the reasons that follow, the motion to remand is granted.

## I. BACKGROUND

The complaint presents four counts. Count One alleges hostile work environment sexual harassment in violation of Ohio law. Count Two alleges quid pro quo sexual harassment in violation of Ohio law. Count Three claims constructive discharge in violation of Ohio law. Count Four

claims a violation of Ohio's public policy, the source of which is both state and federal law, specifically Title VII. Under Count Four, plaintiff also states, "Plaintiff is entitled to recover her attorney's fees and costs pursuant to § 706(k) of Title VII ..." (Compl.¶ 47).

It is undisputed that Counts One, Two, and Three present state law claims that do not involve a federal question. Plaintiff contends that Count Four is a state law public policy claim that does not present a federal question, and that this case, therefore, should be remanded to state court. Defendant argues that the request for attorney's fees under Title VII implies that plaintiff is bringing an action under Title VII. According to defendant, plaintiff cannot "avoid federal jurisdiction by specifically pleading remedies afforded only under a federal statute within the guise of a state law claim." (Docket # 7 at 5).

## II. APPLICABLE LAW

In order to invoke a federal district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989). Because the removal statutes implicate federalism concerns, they are to be narrowly construed against removal. *Long v. Bando Manufacturing of America, Inc.*, 201 F.3d 754, 757 (6th Cir.2000).

Here, removal jurisdiction was based on 28 U.S.C. § 1441(b), which allows the removal of actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." In determining removal jurisdiction under § 1441, as in determining origi-

nal "arising under" jurisdiction, federal courts apply the "well-pleaded complaint" rule, under which "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Long*, 201 F.3d at 758 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Under the well-pleaded complaint rule, plaintiff is the master of her complaint, "and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Electronic Data Systems Corporation*, 13 F.3d 940, 943 (6th Cir.1994).

There are three possible grounds for federal question jurisdiction that may be applicable to this case. First, a plaintiff could assert a federal claim in the complaint (i.e., the federal law creates the cause of action). Second, under the artful pleading doctrine, a state law claim could be re-characterized as a federal claim. A claim is artfully pled when plaintiff attempts to defeat removal jurisdiction by failing to plead necessary federal questions in the complaint. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Third, a state law claim could necessarily turn on the construction of a substantial, disputed federal question (i.e., a substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims). *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir.1996); *Franchise Tax*, 463 U.S. at 8–9, 13, 103 S.Ct. 2841. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

## III. ANALYSIS

This case does not meet any of these possible grounds for federal question jurisdiction.

Plaintiff has not asserted a federal law cause of action in her complaint. On their face, each of her claims is created by state law. Ohio law recognizes the common law tort of wrongful discharge in violation of Ohio's public policy. *Greeley v. Miami Valley Maint. Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990); *Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (1994); *Collins v. Rizkana*, 73 Ohio St.3d 65, 652 N.E.2d 653 (1995). Therefore, "[i]t is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy." *Rains*, 80 F.3d at 343. The references to Title VII in Count Four do not transform the claim into a federal cause of action. They merely incorporate Title VII as one source of Ohio public policy. *Id.* at 344.

Nor has plaintiff attempted to avoid federal jurisdiction by failing to plead necessary federal questions in the complaint. Like the plaintiff in *Rains*, who brought a claim for wrongful termination in violation of California public policy that referred to Title VII as a source of public policy, Ms. Strong "brought a state law claim and cited a federal statute as an alternate basis for establishing one element of [her] claim. The claim was authorized by state law and no essential federal law was omitted." *Id.*

Finally, the state public policy claim does not turn on the construction of a substantial, disputed federal question. On its face, the claim refers to both the Ohio Revised Code and Title VII as sources of Ohio's public policy. Relying on the Supreme Court's decision in *Christianson v.*

*Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Sixth Circuit, like the Ninth Circuit, has held that "there is no federal question jurisdiction when the complaint on its face state alternate theories supporting a state-law claim, at least one of which does not involve a federal question." *Long*, 201 F.3d at 760; *Rains*, 80 F.3d at 345–46. Because Ms. Strong's public policy claim cites both state and federal law theories, "it is clear that the resolution of a federal question is not *necessary* or *essential* to the resolution of [her] wrongful discharge claim." *Long*, 201 F.3d at 761 (emphasis in original).

Ms. Strong's request for attorney's fees under Title VII does not alter this analysis. The plaintiff in *Rains* also requested attorney's fees under Title VII as part of a state public policy claim. Yet, the Ninth Circuit held that the claim did not present a federal question. In *Berriker v. National City Bank*, Judge Solomon Oliver found that a request for attorney's fees under Title VII "does not define the nature of" a state law public policy claim.[1] Case No. 1:02CV528, at 4 (N.D.Ohio April 15, 2002). Similarly, in *Guciardo v. Thistledown Race Track*, Judge Ann Aldrich found that such a request neither defines the nature of plaintiff's claim, nor presents a substantial, disputed question of federal law as a necessary element of that claim. Case No. 1:02CV528, at 5 (N.D.Ohio 2002). Judge Aldrich also rejected the argument that the existence of a federal statutory claim must be inferred from a request for attorney's fees. *Id.* at 4–5. This Court finds the *Rains*, *Berriker*, and *Guciardo* opinions to be persuasive. A request for attorney's fees under Title VII, without more,

---

1. Defense counsel attempted to distinguish this case by noting that the plaintiff in *Berriker* referred to a non-existent section of Title VII, § 2000e—5(m), rather than § 2000e—5(k), which addresses attorney's fees. When one reads Judge Oliver's opinion, it is clear that he is examining a request under § 2000e—5(k). Defense counsel's effort to distinguish this case is wholly unpersuasive.

does not transform a state public policy claim into a federal claim and does not present a substantial, disputed question of federal law.

## IV. CONCLUSION

Count Four of Ms. Strong's complaint does not meet any of the possible grounds for federal question jurisdiction. As it is undisputed that Counts One, Two, and Three do not present a federal question, this Court lacks subject matter jurisdiction over Ms. Strong's claims.

Accordingly, plaintiff's motion to remand is granted. This case shall be remanded to the Ohio Court of Common Pleas for Ashland County, the state court from which it was removed.

IT IS SO ORDERED.

### ORDER OF REMAND

This Court, having filed its Memorandum of Opinion and Order Granting Plaintiff's Motion to Remand, hereby remands this case to the Ohio Court of Common Pleas for Ashland County, the state court from which it was removed.

A certified copy of this order of remand shall be mailed by the Clerk of the United States District Court for the Northern District of Ohio to the Clerk of the Ohio Court of Common Pleas for Ashland County.

IT IS SO ORDERED.