**Joseph H. GLANTON, Plaintiff–Appellant,**

v.

**HARRAH'S ENTERTAINMENT, INC.; Harrah's Operating Company Inc., Defendants–Appellees.**

No. 07–15425.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Oct. 29, 2008.

Joe E. Colvin, Esquire, Attorney at Law, Reno, NV, for Plaintiff–Appellant.

Roger L. Grandgenett, II, Rick D. Roskelley, Esquire, Littler Mendelson, P.C., Las Vegas, NV, for Defendants–Appellees.

Before SCHROEDER, D.W. NELSON, and REINHARDT, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided

Joseph Glanton appeals the district court's grant of summary judgment in favor of his former employer, Harrah's Entertainment, Inc., and Harrah's Operating Company, Inc. (collectively "Harrah's"), in Glanton's action seeking damages for tortious constructive discharge, negligent infliction of emotional distress, and intentional infliction of emotional distress. We vacate the district court's decision and remand to the district court with instructions to remand the case to the Nevada state court.

Although Glanton did not contest the removal of his claims from Nevada state court to the federal district court, "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.,* 316 F.3d 822, 826 (9th Cir.2002).

"The existence of subject matter jurisdiction is a question of law, and our review is de novo." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 990 (9th Cir.1994). "We will dismiss an action on appeal if jurisdiction is lacking." *May Dep't Store v. Graphic Process Co.,* 637 F.2d 1211, 1216 (9th Cir.1980). The issue on appeal is not "whether the case was properly removed, but whether the federal district court would have had original jurisdiction ... had it been filed in that court" at the time of judgment. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 342–43 (9th Cir.1996).

Pursuant to 28 U.S.C. § 1331, a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). An action can also

arise under federal law if the cause of action is based on state law, but "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Because none of Glanton's claims was created by federal law, the district court may only have subject matter jurisdiction over this case if: (1) the federal issues are essential to his claims; (2) there is a substantial federal interest in resolving such issues; and (3) a federal forum may entertain the state-law claims without disturbing the balance of federal and state judicial responsibilities. *Id.* Harrah's concedes that there is no "arising under" jurisdiction for the infliction of emotional distress claims. Thus, the only issue is whether Glanton's constructive discharge claim "arises under federal law."

The interpretation of federal law is not an "essential element" of Glanton's state-law claim. "When a [state-law] claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains,* 80 F.3d at 346 (although plaintiff cited Title VII of the 1964 Civil Rights Act, state-law public policies cited in complaint provided alternate and independent grounds for resolving wrongful termination in violation of public policy, and so it was not necessary to litigate the federal issue); *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

by 9th Cir. R. 36–3.

Under Nevada law, a claim of constructive discharge requires, among other things, a showing of intolerable working conditions and/or a violation of Nevada public policy. *Dillard Dep't Stores v. Beckwith,* 115 Nev. 372, 989 P.2d 882, 885 (1999). Although Glanton's complaint alleges violations of "EPA, OSHA" and "federal statutes and regulations," these violations are not the sole means of establishing intolerable working conditions or violations of Nevada public policy. Indeed, Glanton alleges violations of state statutes and regulations that prohibit the same or similar conduct as their federal counterparts and do not depend on their federal counterparts. Because there are alternative and independent theories, the district court did not have subject matter jurisdiction over Glanton's claims. *Rains,* 80 F.3d at 345; *cf. Merrell,* 478 U.S. at 814 n. 12, 106 S.Ct. 3229.

Nor is there a substantial federal interest in adjudicating Glanton's claim in a federal forum. This action was not brought to enforce EPA or OSHA regulations. Nor is the meaning of the OSHA and EPA regulations in dispute. *See Grable,* 545 U.S. at 315, 125 S.Ct. 2363 (substantial federal interest when interpretation of disputed federal tax provision affected government's strong interest in prompt and certain collection of delinquent taxes). There was and is no special need for federal expertise or uniformity in adjudicating these "garden variety state" actions. *Cf. Grable,* 545 U.S. at 317, 125 S.Ct. 2363.

Jurisdiction in this case would also undermine "Congress's intended division of labor between state and federal courts." *See Grable,* 545 U.S. at 319, 125 S.Ct. 2363. Although the absence of a private federal right of action is not dispositive, it remains relevant to our assessment of the "sensitive judgments about congressional intent' that § 1331 requires." *Id.* at 318, 125

S.Ct. 2363. To find jurisdiction where there is no private federal cause of action "flout[s], or at least undermine[s], congressional intent." *Merrell,* 478 U.S. at 812, 106 S.Ct. 3229.

OSHA does not provide a private cause of action. *See* 29 U.S.C. § 653(b)(4); *Crane v. Conoco, Inc.,* 41 F.3d 547, 553 (9th Cir.1994). Indeed, OSHA creates an intra-agency mechanism by which an alleged violation can be raised by a private actor, 29 U.S.C. §§ 657(f)(1), 660(c), suggesting that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court. Because Congress did not provide a private right of action here, "the presence of the federal [statute] as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Merrell,* 478 U.S. at 814, 106 S.Ct. 3229.

VACATED and REMANDED to the district court with instructions to remand the case to the Nevada state court.

**VACATED and REMANDED.**