Sara **ESCALA** and Kelle Ann George, Plaintiffs,

v.

**VICTORIA'S SECRET STORES, LLC,** Defendant.

Case No. 09–22981–CIV.

United States District Court, S.D. Florida, Miami Division.

Dec. 1, 2009.

Lawrence Joseph McGuinness, Miami, FL, for Plaintiffs.

Kristy Marie Johnson, Walter J. Tache, Carlton Fields, Miami, FL, for Defendant.

### *ORDER*

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Plaintiffs' Motion to Remand [D.E. 3].

**THE COURT** has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

On August 10, 2009, Plaintiff Sara Escala ("Plaintiff Escala") filed this action against Defendant Victoria's Secret Stores, LLC ("Defendant") in the Circuit Court of

the Eleventh Judicial Circuit in and for Miami–Dade County. Plaintiff Escala alleges that she reported violations of the Florida Civil Rights Act, Fla. Stat. § 760.01 and Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, to Defendant and was thereafter retaliated against by Defendant in violation of the Florida private Whistle-blower's Act ("FWA"), Fla. Stat. §§ 448.101–448.105. (D.E. 1 Exh. A).

On September 14, 2009, Plaintiff Escala filed a Motion to Amend the Complaint to add Plaintiff, Kelle Ann George ("Plaintiff George"). (D.E. 1, Exh. D). In addition to asserting a claim of retaliation under the FWA for reporting violations of state discrimination laws, Plaintiff George also alleges that she suffered retaliation for reporting violations of: (1) Title VII; (2) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201; and (3) the Bank Secrecy Act ("BSA"), 31 U.S.C. § 1051.

On October 2, 2009, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 and § 1446 (D.E. 1). Plaintiff now moves to remand this case (D.E. 3).

Plaintiffs allege that this Court does not have jurisdiction over this case because the Complaint and 1st Amended Complaint allege only violations of state statutes and do not allege any federal claims. Therefore, this case arises solely under Florida law. Defendant responds that this Court does have jurisdiction because Plaintiff George's allegations implicate significant federal issues. Additionally, Defendant alleges that resolution of Plaintiff George's claim requires the Court to interpret federal law.

## II. ANALYSIS

### A. Removal Generally

■ On a motion for remand, a removing defendant bears the burden of proving proper federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002). A party who removes a case to federal court pursuant to 28 U.S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the Plaintiff's claims arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998).

### B. Federal Question Jurisdiction

■ Federal question jurisdiction is governed by the "well pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The plaintiff is the master of the complaint, and federal question jurisdiction is only proper if the removing party can establish one of the following: 1) a federal claim is asserted on the face of the complaint; 2) under the "artful pleading doctrine," federal claims were wrongly characterized as state law claims, or 3) the state law claim requires the interpretation of federal law. *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1988); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807–10, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 343 (9th Cir.1996).

### 1. Asserting a Federal Claim on the Face of the Complaint

■ In this case, Plaintiffs seek relief only under the FWA. Plaintiffs have not asserted a federal claim on the face of the Complaint. Despite the statement in Plaintiffs' 1st Amended complaint that Plaintiff George suffered retaliation by Defendant in response to complaining of vio-

lations of federal statutes, Plaintiffs do not seek relief under any of the federal statutes listed. Rather Plaintiffs seek damages pursuant only to the FWA.

#### 2. "Artful Pleading Doctrine"

█ The "artful pleading doctrine" does not apply to this case. Plaintiffs asserted claims for violation of a state statute. As the master of the complaint, a plaintiff may avoid federal jurisdiction by relying exclusively on state law when both federal and state law remedies are available. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. Here, Plaintiffs seek relief only under the FWA. The purpose of this statute is to provide Florida's citizens with protection against retaliation. This protection is afforded to Florida residents independent of similar rights provided under federal law. A plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir.2004). In this case, Plaintiffs, as the master of the complaint, have sought to avoid federal jurisdiction. Plaintiffs did not attempt to characterize a federal claim as a state law claim in order to avoid federal question jurisdiction.

#### 3. Interpretation of Federal Law

█ Plaintiffs' claims under the FWA do not require the interpretation of federal law. A state law requires the interpretation of federal law when federal law preempts state law, or when a right created under federal law is an essential element of the state claim. See *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Here, federal law does not preempt state law. Rather, Defendant alleges that federal law is an essential element of Plaintiffs' claims.

Defendant asserts that Plaintiffs' claims under the FWA requires the interpretation of federal law and implicate significant federal issues because in order to succeed Plaintiffs must establish that Defendant violated federal statutes. (Resp. [D.E. 5] p. 4). This interpretation of the FWA is incorrect. The FWA requires a plaintiff to establish retaliation because of disclosure of or objection to an employer action which was "in violation of a law, rule, or regulation." Fla. Stat. § 448.102. It does not follow that the law, rule, or regulation is limited to the federal statutes referenced in the complaint. Rather, Plaintiffs can prove this element of the FWA by establishing that Defendant violated state statutes, including Chapter 18A or Chapter 760 of Florida Statutes, as alleged in Plaintiffs' 1st Amended Complaint. (D.E. 1 p. 26). In this case, Plaintiffs' retaliatory claims are independently actionable irrespective of whether they rely on federal authority. Therefore, federal law is not an essential element of Plaintiffs' claim under the FWA.

Removal is not proper unless the federal question presented is necessary to the resolution of the controversy or strong federal interests are implicated. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314–315, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Plaintiffs' claims under the FWA do not require the interpretation of federal law and do not implicate significant federal issues. This Court does not have federal question jurisdiction over the claims. Therefore, remand is proper, especially in light of the narrow interpretation of federal jurisdiction and the preference for remand in doubtful situations. *Diaz v. Sheppard* 85 F.3d 1502, 1505(11th Cir.1996).

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (D.E. 6) is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that this case is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and any pending motions are **DENIED AS MOOT.**