124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda MASON, Plaintiff-Appellant,
v.
The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY dba U.S.
West Communications, Inc., Defendant-Appellee.
 No. 96-36177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 6, 1997.
Decided Aug. 13, 1997.
 
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding Argued and Submitted August 6, 1997 Billings, Montana
 Before: HUG, Chief Judge, PREGERSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts and we recount them here only as necessary to clarify our decision.
 
 
 3
 At oral argument, Mason contended that the district court lacked original jurisdiction and therefore improperly exercised supplemental jurisdiction under 28 U.S.C. § 1367. To be sure, when original jurisdiction does not exist for the principal claim, federal courts may not exercise supplemental jurisdiction over pendant state claims. Randolph v. Budget Rent-A-Car, 97 F.3d 319, 329 (9th Cir.1996). Normally, the existence of federal subject matter jurisdiction is determined from the face of the complaint. Etheridge v. Harbor House Restaurant, 861 F.2d 1389, 1394 (9th Cir.1988). Mason's complaint stated a generic theory under state and federal law which was sufficient to confer jurisdiction. In cases where the claims are somewhat ambiguous, such as this one, remand may be appropriate if a plaintiff in good faith clarifies her claims to disavow any federal theory or remedy. See, e.g., Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir.1997).
 
 
 4
 In this case, as opposed to the situation in Easton, Mason on removal specifically sought a federal remedy under the Americans with Disabilities Act ("ADA"), which provided a basis for original federal jurisdiction. 42 U.S.C. § 12101, et. seq. The fact that the claim was later determined to be defective did not divest the court of original jurisdiction. Because the question of whether the ADA applied was central to the case, the disposition of Mason's complaint necessarily depended on a "resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).
 
 
 5
 The district court properly exercised supplemental jurisdiction over the Montana state law claims which were so factually intertwined with the federal claims that they formed part of the same case or controversy. 28 U.S.C. § 1367. Mason did not challenge the exercise of supplemental jurisdiction before the district court and has therefore waived that issue on appeal. Acri v. Varian Associates, 114 F.3d 999, 1001 (9th Cir.1997).
 
 
 6
 Mason argues that the Magistrate Judge and district court applied the wrong law because they determined her claim failed under the Montana Human Rights Act ("MHRA") because she was not "otherwise qualified" for her job. Although the phrase "otherwise qualified" was not contained in the version of the MHRA which applied to Mason's actions, we believe the Montana Supreme Court would construe the applicable version of the MHRA to embrace such a requirement.
 
 
 7
 The Montana Supreme Court has relied upon federal law for guidance on interpreting the MHRA, in large measure because the MHRA is patterned after Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. Hafner v. Conoco, Inc., 886 P.2d 947, 951 (Mont.1994). The Rehabilitation Act specifically prohibits discrimination against 'otherwise qualified' individuals. This language was included in the original Rehabilitation Act as passed. See 29 U.S.C. § 794. The Montana Supreme Court has held that the Montana legislature intended its 1991 amendments to the MHRA that added the 'otherwise qualified' language to be clarifying in nature "in order to conform to federal law and prior decisions of the Montana Human Rights Commission." Martinell v. Montana Power Company, 886 P.2d 421, 433. Thus, we agree with the district court that the Montana Supreme Court would construe the applicable version of the MHRA to contain an "otherwise qualified" requirement consistent with federal law.
 
 
 8
 In this case, Mason could not perform all of her job requirements because her disability (the carpal tunnel syndrome) prevented her from being able to type for the length of time required of credit consultants. Mason has acknowledged as much and presented no other evidence in support of her qualifications. The ADA requires an employee to establish that she can perform the essential functions of a job. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996). Thus, the district court correctly determined that Mason was not otherwise qualified for her job and granted summary judgment.
 
 
 9
 The exclusive remedy provision of the MHRA precludes Mason's other common law claims of wrongful discharge, breach of the implied covenant of good faith and fair dealing, and negligence. MCA § 49-2-509(7); Harrison v. Chance, 797 P.2d 200, 205 (Mont.1990).
 
 
 10
 We hold that the district court had original jurisdiction and properly retained supplemental jurisdiction over Mason's state and common-Law claims. The district court properly read an 'otherwise qualified' requirement into the Montana Human Rights Act and found that Mason could not meet this standard. The exclusivity language in the MHRA prohibits additional state or common-law claims based upon the sort of discrimination prohibited by the Act. For this reason, the district court properly dismissed all of Mason's remaining claims. Each party shall bear its own costs on appeal.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3