Patrick **ARNOLD** and Elizabeth Arnold, Plaintiffs

v.

**BAXTER HEALTHCARE CORPORATION,** Defendant.

Case No. 1:08HC60025.

United States District Court, N.D. Ohio, Western Division.

Feb. 17, 2009.

Susan Elizabeth Loggans, Devin Cavanaugh McNulty, Laura Paige Gordon, Patrick J. Condron, Susan E. Loggans & Associates, P.C., Chicago, IL, for Plaintiffs.

Leslie M. Smith, Andrew Paul Bautista, Renee D. Smith, Kirkland & Ellis, Chicago, IL, for Defendant.

## ORDER

JAMES G. CARR, Chief Judge.

This is a case in which plaintiffs, Elizabeth and Patrick Arnold, originally filed state-law claims against defendant Baxter Healthcare Corporation [Baxter] in the Circuit Court of Cook County, Illinois. The Arnolds seek damages for injuries allegedly caused by ingestion of Heparin, a drug manufactured and sold by Baxter. Asserting that plaintiffs' complaint raises substantial federal questions, Baxter removed the case to the United States District Court for the Northern District of Illinois. That court, in turn, transferred the case in accordance with reference of pending federal Heparin cases pursuant to

an order entered in *In re Heparin,* MDL No. 1953.

Pending is plaintiffs' motion to remand and for an award of costs and attorney fees. [Doc. 15]. The parties do not dispute the fact that they are not diverse. Baxter contends, in response to the motion to remand, that overriding and unavoidable issues of federal law under the Food, Drug and Cosmetic Act [FDCA], *21 U.S.C. § 301* et seq., which this court necessarily will have to decide, justify keeping the case in federal court. Baxter adds that the court will have to judge the adequacy of the Food and Drug Administration's [FDA] actions and procedures. The Arnolds disagree, pointing out that they seek no relief under any federally-based cause of action.

For the reasons discussed below, the Arnolds' motion to remand shall be granted, but I shall overrule their request for costs and attorney fees.

### Standard of Review

After removal, plaintiffs may bring a motion to remand to state court under *28 U.S.C. § 1447(c)*, which states,

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

### Discussion

I must grant the Arnolds' motion to remand to state court if I find that no federal question jurisdiction exists over their claims. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("[A]bsent diversity of citizenship, federal question jurisdiction is required" for proper removal to federal court).

Section 1331 establishes federal question jurisdiction. It states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." I must look to the face of the Arnolds' well-pleaded complaint to see if their claims arise under federal law. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

A case "arises under" federal law when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 689–90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (citation omitted). Defendant's arguments or counterclaims cannot provide the basis for federal question jurisdiction. *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

Federal question jurisdiction lies over state-law claims when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

I must therefore determine whether the Arnolds' state-law claims 1) necessarily raise a stated federal issue; 2) whether the federal issues are actually disputed and substantial; and 3) whether a federal forum may entertain the claims without disturbing any congressionally approved balance of federal and state judicial responsibilities. Based on my analysis of these requirements, I find that federal question jurisdiction cannot lie over the Arnolds' claims.

### 1. The Arnolds' Claims do Not Necessarily Raise a Federal Issue

■ Baxter argues that the Arnolds' complaint challenges determinations made by the FDA and the adequacy of the federal regulatory process governing the manufacture and sale of prescription drugs. According to Baxter, the claims will require the court to interpret and apply federal law and determine the propriety of Baxter's conduct in light of that law.

While Baxter contends all of plaintiffs' claims raise substantial federal law issues, it points to only two allegations to support this argument: 1) Paragraph 7(d) of the Arnolds' complaint, which alleges Baxter was negligent in failing to "comply with all statutes, laws, regulations, and safety codes pertaining to the manufacture, production, distribution, storage, and sale of Heparin;" [Doc. 1, Exh. A] and (2) Paragraph 7(i), which alleges Baxter was negligent in failing "to exercise reasonable care in acquiring the ingredients for Heparin only from producers and suppliers that had undergone proper inspection and evaluation, including, but not limited to, inspection and evaluation by the FDA." *Id.*

The allegation that Baxter failed to comply with all statutes, laws and regulations regarding the manufacture and sale of Heparin is "federal in nature," according to Baxter, because it implicates federal law. Baxter also posits that the allegation that

it "failed to exercise reasonable care in acquiring the ingredients for Heparin" requires the court to determine "whether producers and suppliers at issue were properly FDA-approved" and such a determination would require "resolution of federal law." [Doc. 1]. Finally, Baxter maintains that by holding it liable for Heparin administered to Patrick Arnold, the Arnolds challenge "the adequacy of the FDA procedures with which Baxter complied." *Id.*

■ Baxter's arguments fail to establish that the Arnolds' claims necessarily raise a federal issue. According to Baxter, the entirety of the Arnolds' complaint implicates federal law because Baxter complied with federal law. Therefore, allegations against Baxter will require the court to judge the adequacy of the law with which it complied. At most, Baxter's objections merely signal that it will rely on compliance with federal law in its own defense. Defenses based on federal law, however, do not confer federal jurisdiction. Instead, it is plaintiffs' well-pleaded complaint that I must look to, to determine whether plaintiffs' claims arise under federal law. *See, e.g., Holmes Group, Inc., supra,* 535 U.S. at 831, 122 S.Ct. 1889.

In addition, the two paragraphs that Baxter argues raise substantial issues of federal law [Paragraphs 7(d) and 7(i) ] constitute only two of nine alternate theories supporting the Arnolds' negligence claim. In Illinois, to state a claim for negligence, a plaintiff must show "that defendant owed a duty to the plaintiff, that defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injuries." *Thompson v. County of Cook,* 154 Ill.2d 374, 382, 181 Ill.Dec. 922, 609 N.E.2d 290 (1993).

Because the Arnolds' offer independent state law theories to support their negligence claim, their allegations do not neces-

sarily raise federal law issues. *See, e.g., Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 346 (9th Cir.1996) ("When a state law claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *Glanton v. Harrah's Entertainment,* 297 Fed.Appx. 685 (9th Cir.2008) (unpublished disposition) (finding no federal jurisdiction over plaintiff's constructive discharge claim because he supported the claim with alternative and independent state law theories).

### 2. The Arnolds' Claims Raise No Actually Disputed and Substantial Federal Issues

■ The Arnolds argue that federal law issues are peripheral to their garden variety state tort claims, and that the case at hand is analogous to *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (finding no federal question jurisdiction over state-law tort claims). Baxter, on the other hand, attempts to compare the case to *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (conferring federal question jurisdiction over state law claims that raised substantial and disputed issues of federal law). The Supreme Court's analysis in *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) and to *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) supports remand of this case to state court.

### A. *Merrell Dow & Grable*

The Supreme Court in *Merrell Dow* considered whether federal question jurisdiction existed over state-law claims based in part on an alleged violation of the FDCA.

Claimants alleged that Merrell Dow misbranded the drug Bendectin, in violation of the FDCA, and that ingestion of the drug by pregnant women caused their children to suffer birth defects. Merrell Dow removed the case to federal court; the claimants filed a motion to remand on grounds that the federal court lacked subject matter jurisdiction. The district court denied the motion to remand, but the Sixth Circuit reversed. *Thompson v. Merrell Dow Pharm. Inc.,* 766 F.2d 1005 (6th Cir.1985).

The Supreme Court affirmed the Sixth Circuit. It held that congressional failure to provide a private cause of action in the FDCA indicated that alleging an FDCA violation as an element of a state-law claim did not raise a federal issue worthy of federal question jurisdiction. *Merrell Dow, supra,* 478 U.S. at 814, 106 S.Ct. 3229. While not determinative, the absence of a federal cause of action evinced Congress' intent that federal courts should not resolve such claims. *Id.; see also, Grable & Sons, supra,* 545 U.S. at 318, 125 S.Ct. 2363.

The pending case substantially mirrors that of *Merrell Dow.* As in *Merrell Dow,* Congress has created no private causes of action. The absence of a private cause of action, combined with the likelihood of increased federal court litigation if federal jurisdiction were exercised over these types of claims, precludes a finding of federal jurisdiction in this case. *Id.*

The involvement of the FDA and FDCA, moreover, is insufficient to warrant assumption of federal jurisdiction. *See, e.g., Merrell Dow, supra,* 478 U.S. at 813, 106 S.Ct. 3229 ("The presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."); *see also, Stone v. Baxter Intern., Inc.,* 2009 WL 236116, at *10 (D.Neb.) ("Generally, for pharmaceutical products liability cases filed in state court

and raising FDCA-related state law claims, federal "arising under" jurisdiction does not exist pursuant to *Merrell Dow*.") (citation omitted).

Baxter attempts to compare the Arnolds' claims to those at issue in *Grable*, in which the Supreme Court affirmed a finding of federal question jurisdiction. Its comparison, however, fails. *Grable* supports the Arnolds' objections to federal jurisdiction.

In *Grable*, the plaintiff brought a quiet title action in state court against Darue, who purchased land that the IRS seized and sold to satisfy a tax delinquency. Grable argued title was invalid because the IRS failed to give Grable proper notice of the seizure and sale of his property. The IRS provided Grable notice of the sale by certified mail. Grable insisted that the federal notice statute required the IRS to give notice by personal service, not certified mail. Darue removed the case to the district court, alleging that Grable's quiet title claim presented a federal question since it depended on the meaning of the notice statute in federal tax law. The Supreme Court affirmed the decision of the lower courts, finding federal jurisdiction under § 1331.

The Supreme Court held that federal question jurisdiction existed in *Grable* because the case presented an actual and substantial dispute over the meaning of federal law. Grable based his state law claim on a violation of the federal notice statute, and resolution of his claim depended entirely on the interpretation of the statute. *Grable & Sons, supra*, 545 U.S. at 315, 125 S.Ct. 2363 ("Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case.").

In addition, Grable challenged specific actions of a federal agency, the IRS. The resolution of the federal law dispute was "dispositive of the case and would be controlling in numerous other cases." *Empire Healthchoice, supra*, 547 U.S. at 700–02, 126 S.Ct. 2121 (elaborating on the factors that led to its exercise of federal jurisdiction in *Grable*). *Grable* "presented a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases." *Id.*

The decision in *Grable* does not support a finding of federal question jurisdiction in this case, as no actual or substantial dispute over federal law exists. The Arnolds' complaint fails to raise any disagreement over the meaning of the FDCA regulations. Baxter can point to no dispute about federal law or the federal regulatory process.

The Arnolds' complaint also raises no substantial issue of federal law. The resolution of the case does not depend on resolving any federal law issue. Plaintiffs do not challenge actions by a federal agency, nor do they challenge the sufficiency of the federal regulatory scheme governing the manufacture and sale of prescription drugs. In fact, they note that "the FDA approved Heparin for sale in the United States decades ago, and the Arnolds neither challenge the approval nor contend that Heparin was unsafe throughout most of that time." [Doc. 25].

The claims, furthermore, do not present a "nearly pure issue of law," whose resolution could be "dispositive for numerous future cases." *Empire Healthchoice, supra*, 547 U.S. at 700–02, 126 S.Ct. 2121. Instead, the Arnolds' claims and issues substantially depend on the facts alleged. The claims are entirely "fact-bound and situation specific." *Id.* at 700, 126 S.Ct. 2121; *see, e.g., Bennett v. Southwest Air-*

*lines Co.*, 484 F.3d 907, 911 (7th Cir.2007) (no federal jurisdiction where plaintiffs' claims did not present a "pure issue of law" but rather were fact-bound and situation specific); *Singh v. Duane Morris*, 538 F.3d 334, 339 (5th Cir.2008) (no federal jurisdiction where federal issue was "predominantly one of fact").

### 3. Whether Federal Jurisdiction Will Disturb the Congressionally Approved Balance of Federal and State Judicial Responsibilities

■ Baxter insists that federal jurisdiction exists because of a compelling need for uniform interpretation and application of the FDCA. The Supreme Court, however, rejected this argument in *Merrell Dow*. It held that the absence of a federal cause of action indicated Congress did not intend for federal courts to resolve the issues raised in that case. *Merrell Dow, supra*, 478 U.S. at 814, 106 S.Ct. 3229 ("Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.").

While *Grable* held that the lack of a federal cause of action does not preclude federal question jurisdiction, *Grable* did not contradict the view in *Merrell Dow* that absence of such cause of action indicated congressional declination of federal jurisdiction. *See, e.g., Grable & Sons, supra*, 545 U.S. at 318, 125 S.Ct. 2363 (lack of a federal cause of action in *Merrell* did not represent a "missing federal door key" but rather a "missing welcome mat" which was required given the likelihood of increased litigation.); *Shanks v. Dressel*, 540 F.3d 1082, 1093 (9th Cir.2008) (finding that the "absence of a private federal right of action is no longer dispositive after *Grable*, [but] remains relevant to [an] assessment

of the sensitive judgments about congressional intent that § 1331 requires.").

In addition, the federal government has no special interest in having federal courts adjudicate the issues raised in this case. Resolution of the Arnolds' claims will not settle contested issues of federal law, or issues in which the Government has a unique federal interest. *Cf. Grable & Sons, supra*, 545 U.S. at 315, 125 S.Ct. 2363 (reasoning that Government has a "strong interest in the prompt and certain collection of delinquent taxes" and its ability to "satisfy its claims" depends on "clear terms of notice" so that buyers can be sure the IRS has satisfied requirements for good title).

Finally, allowing federal question jurisdiction in this case would subject the federal courts to an unwarranted influx of litigation that properly belongs in state courts. This is so, because any products liability case involving FDA-approved drugs will likely involve the FDCA and FDA. Accepting federal jurisdiction over this case would be to invite all similar claims involving FDA-approved drugs into federal courts across the country.

This wouldn't just upset the balance Congress intended to exist between the federal and state judiciaries—it would eliminate it. *See Grable & Sons, supra*, 545 U.S. at 318, 125 S.Ct. 2363 ("exercising federal jurisdiction [in *Merrell Dow*] over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." *Grable*, on the other hand, presented the "rare state quiet title action that involves contested issues of federal law" and therefore jurisdiction over the case "would not materially affect, or threaten to affect, the normal currents of litigation"); *see also Bennett, supra*, 484 F.3d at 911 (no federal jurisdiction where granting it would "move a whole category

of suits to federal court and … upset a conscious legislative choice").

Federal question jurisdiction cannot lie over the Arnolds' state-law claims since they do not necessarily raise federal law issues, no federal issues involved are actually disputed or substantial and granting jurisdiction would abrogate the congressionally approved balance between state and federal judiciaries with regard to cases and claims of this sort.

### Attorney Fees

■ I decline to grant the Arnolds' request for attorney fees. Under *28 U.S.C. § 1447(c)*. I may grant attorney fees only when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Baxter presents an objectively reasonable basis for seeking removal—the Supreme Court's holding in *Grable.* Baxter reasonably relied on *Grable,* especially "given the flexible test described by the Supreme Court in *Grable.*" *Pirie v. Broadview Multi–Care Center,* 2008 WL 2745977, at *3 (N.D.Ohio). Attorney fees, therefore, are not warranted in this case. Indeed, to grant them under circumstances such as are present here would be to chill the willingness of other litigants to assert potentially meritorious claims.

### Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiffs' motion to remand to state court [Doc. 15] be, and the same hereby is granted; and

2. Plaintiffs' request for attorney fees be, and the same hereby is denied.

So ordered.